**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**NEVERLESS R. ROBBSON**

**Plaintiff**

**v.** **CASE NO.**

**SHERIFF MIKE TUBBS** **JUDGE TERRY A. DOUGHTY**
**MOREHOUSE PARISH**
**INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY,**
**DY. CODY KINNAIRD/AKA/ KINNARD**
**DY. XYZ DEPUTIES**
**INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,**
**AND THEIR INSURANCE COMPANIES, XYZ**
**AND QRS** **MAGISTRATE JUDGE**
**Defendants** **KAYLA**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION:**

**The Complaint of NEVERLESS R. ROBBSON, who is domiciled in Morehouse Parish, State of Louisiana, appearing herein by and through undersigned counsel respectfully submits that this is a civil action against Mike Tubbs Sheriff of Morehouse Parish individually and in his official capacity, Dy. Cody Kinnaird/aka/ Kinnard, and the XYZ Deputies individually, and in their official capacities, and their Insurance Companies XYZ and QRS for violations of Plaintiff's constitutional rights, the details of which are set forth herein**

**below. This civil rights action seeks damages against Defendants for committing acts under color of state law, and depriving Plaintiffs of rights secured by the constitution and law of the United States.**

**A.**

**Jurisdiction**

**1. The Jurisdiction of this Honorable Court is invoked Pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. This Honorable Court has jurisdiction of this action under U.S.C. Section 1983, 28 U.S.C. 1343 and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. Section 1367.**

**2. Jurisdiction against the governmental and individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367.**

**3. All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this Court.**

**4. Complainant claims herein arises out of an incident involving Mike Tubbs, Sheriff of the Morehouse Parish Sheriff's Office and his deputies, in the State of Louisiana and within this Judicial district.**

**B.**

**<u>Parties</u>**

**5. Neverless R. Robbson, is a competent adult who brings this action of excessive force which occurred on May 31, 2024, against Sheriff Mike Tubbs of Morehouse Parish and Morehouse Sheriff's Office and his deputies.**

**6. Defendant, Sheriff Mike Tubbs, is the governing authority, decision maker/policy maker for the Morehouse Parish Sheriff Office and his Insurance Companies XYZ and QRS, doing business in the State of Louisiana operating, pursuant to the laws of the State of Louisiana, custom and usage, deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. Section 1983. He is being sued individually and in his official capacity.**

**7. Defendants, Cody Kinnaird/aka/Kinnard and XYZ Deputies, were employed by Morehouse Parish Sheriff Office on May 31, 2024, are persons of full age of majority, domiciled in Morehouse Parish. They are being sued in their individual and official capacities.**

**8. XYZ Insurance Company, an insurance company authorized to do and doing business in the State of Louisiana providing general liability coverage for Sheriff Mike Tubbs, Dy. Cody Kinnaird/aka/ Kinnard, and XYZ Deputies.**

**9. QRS Insurance Company, authorized to do and doing business in the State of Louisiana providing EXCESS LIABILITY COVERAGE to the Morehouse Parish Sheriff Office, its agents, and the Parish of Morehouse.**

**10. ABC Insurance Company authorized to do and doing business in the State of Louisiana providing general liability and excess liability to both Dy. Cody Kinnaird/aka/ Kinnard and XYZ Deputies as members for any and all acts and damages occurring from this incident.**

**11. THIS PETITION PUTS ON NOTICE ANY EXCESS POLICY COVERING THE PARISH OF MOREHOUSE SHERIFF OFFICE, SHERIFF MIKE TUBBS, ANY EMPLOYEE OF THE MOREHOUSE PARISH SHERIFF OFFICE, AND ANY POTENTIAL UNION POLICY COVERING THE INDIVIDUAL SHERIFF DEPUTIES NAMED INDIVIDUALLY IN THIS SUIT.**

## C.

## Facts

**12. On May 31, 2025, at or around 9:00 p.m., Plaintiff NEVERLESS R. ROBBSON had just arrived home from visiting his mother and turned in his yard when a Morehouse Sheriff deputy Cody Kinnaird pulled up in front of the house existed his vehicle and advised Plaintiff ROBBSON, that he observed him driving on the road with no lights. Dy. Cody Kinnaird asked to search Plaintiff's vehicle and Plaintiff refused. Dy. Kinnaird advised Plaintiff he was being detained and then placed Plaintiff in handcuffs and escorted him to**

**Kinnaird patrol car when out of nowhere Kinnaird punched Plaintiff in the head. Plaintiff kept asking why he was being arrested and upon arrival at the patrol car Kinnaird slammed Plaintiff head into the patrol car. XYZ Officers had arrived look and did nothing to intervene. Once the officers got Plaintiff in the patrol car Kinnaird pulled out his taser and commenced tasering Plaintiff in the face then he stopped and commenced to tasering Plaintiff in the neck, chest and on his back. He tasered Plaintiff so long he defecated on himself. Plaintiff called out for assistance stating he could barely breathe and was drooling at the mouth. Kinnaird replied "if you can talk you are all right". Kinnaird cut the air conditioning off while the windows were up, then closed the door to the patrol car walked off and started laughing while Plaintiff was in distress complaining of chest pains. Plaintiff kicked on the door for help then passed out and awaken to see EMS Pafford Ambulance presence. Plaintiff plead with EMS to not leave him because he feared for his life and EMS transported him to Morehouse General Hospital.**

**SHERIFF MIKE TUBBS and the Morehouse Sheriff's Office and supervisors have a long standing practice/customs, to not reprimand Defendant KINNAIR/aka/ KINNARD in light of his patterns of consistent violations of excessive force that have involved injuries to numerous individuals. Including death.**

**40. SHERIFF MIKE TUBBS and the Morehouse Sheriff's Office and supervisors failed to adopt a policy against the excessive behavior of**

**individuals such as KINNAIRD/aka/ KINNARD who constantly violated polices and the law as described above.**

**41. KINNAIRD/aka/KINNARD prior acts of excessive force ultimately transpired into the unjustified killing of victim Marques Crowder.**

**42. SHERIFF MIKE TUBBS and the Morehouse Parish Sheriff's Office and supervisors knew or should have known of KINNAIRD/aka/ KINNARD risk of harm but failed to properly train/supervise KINNAIRD/aka/ KINNARD to thwart further harm to others.**

**43. In spite of SHERIFF MIKE TUBBS, the Morehouse Parish Sheriff's Office and supervisors knowledge of KINNAIRD/aka/ KINNARD prior history of excessive force no steps were taken to train, supervise, or monitor Defendant KINNAIRD/aka/ KINNARD and his interactions with the public leading to the harm of Plaintiff NEVERLESS R. ROBBSON as described above.**

**D.**

**<u>First claim for Relief violation of Constitutional Rights</u>**
**<u>General Allegations on Policy and Practice</u>**

**44. Plaintiff is informed and believe, and on the basis of such information and belief allege, that Defendant SHERIFF MIKE TUBBS and the MOREHOUSE PARISH SHERIFF OFFICE supervisors are decision/policy makers, acted with deliberate indifference, gross negligence, and reckless**

**disregard to the safety, security, and constitutional statutory rights of complainant ROBBSON, and all persons similarly situated, maintained, enforced tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things,**

**a. Allowing Morehouse Parish Sheriff deputies to Subject people to unreasonable use of force against their persons;**

**b. Failing to properly hire, supervise, train and/or inadequately train their officers;**

**c. Failing to implement appropriate policies and procedures to address and correct repeatedly use of excess force;**

**d. Failing to follow appropriate policies and procedures of their respective office;**

**e. Negligent hiring and rehiring of individuals with violent propensities and character traits for abusing their authority using excessive force and violating the law charted a path for the harm suffered by Plaintiff NEVERLESS R. ROBBSON being predictable; specifically, Defendant Sheriff failed to discipline KINNAIRD despite knowing his unsuitability for employment as a police officer. Sheriff TUBBS and the Morehouse Parish Sheriff's Office had actual and/or constructive knowledge that Defendant KINNAIRD posed a threat of unlawful uses of physical force but was deliberately indifferent to the risk he posed to the**

**Sheriff's Office. Defendant Sheriff /MPSO was deliberately indifferent to the safety of citizens including Plaintiff NEVERLESS R. ROBBSON, a decision that was the moving force behind ROBBSON constitutional violations and caused the excessive use of force resulting in ROBBSON injuries.**

**f. Selecting, retaining, and assigning employees with demonstrable propensities for excess force, violence, negligence and other misconduct;**

**g. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;.**

**H. Failed to train/ adequately train officers on how to properly use a Taser. Defendant Sheriff's training policies and procedures and/or failure to train was inadequate, and the Sheriff's failure to train/inadequate training was the moving force that caused the violations of Plaintiff's rights, and the Sheriff was deliberately indifferent in his failure to train Defendant KINNAIRD in light of his known uses of unlawful physical force and violence in the past, which placed the Sheriff on actual knowledge and/or**

**constructive knowledge of a need to train Defendant KINNAIRD on lawful and constitutional uses of force.**

**Complainant is informed and believe, on the basis of such information and belief allege, that the entity defendant and their decision/policy makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usage as set forth in the foregoing paragraphs.**

**Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of complainant and the decedent as described in the aforementioned paragraph.**

**E.**

**Allegations Regarding Damages**

**45. Complainant's sustained emotional distress in amount in accordance with the proof. The Complainant sustained general damages, including mental anguish, stress/anxiety in accordance with the proof.**

**46. The conduct of all Defendants was willful, intentional, malicious, oppressive and in reckless disregard for the constitutional rights of the complainant , thus justifying punitive damages in accordance with the proof.**

**FIRST CLAIM FOR RELIEF**

**(42 U.S.C. 1988)**

**All portions of the Complaint are incorporated herein by reference)**

**47. Defendants, acting under of color of state law, deprived the Complainant of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, and Fourteenth Amendments to the Constitution, by among other things, subjecting the Complainant to excessive force and the aforementioned acts thereby causing him severe injuries.**

**48. The foregoing wrongful acts of defendants caused injuries to the Complainant.**

**49. Complainant is the proper party with standing pursuant to La. C.C. Art. 2315.2 A(1) (incorporated herein by virtue of 42. U.S.C. § 1988), to pursue remedies for pecuniary loss and other compensable injuries resulting from loss of earnings and future earnings and support.**

**50. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless disregard for the constitutional rights of complainant. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against Defendants KINNAIRD/KINNARD AND XYZ in their individual capacities, in an amount adequate to punish the wrongdoers and deter future misconduct.**

**<u>Second Claim for Relief</u>**

**State Law Claims**

**(La. C.C. Art. 2315 and 2317)**

**(All Portions of the Complaint are incorporated herein by reference)**

**51. The United States Constitution, Amendment IV, and the Louisiana Constitution, Article 1, § 20 guarantees the right of persons to be free from excessive force. Both constitutions guarantee the right for decedent to be free from excessive force. Defendants, by engaging in the wrongful conduct alleged herein, denied these rights to complainant, thus giving rise to claims for damages pursuant to La. C.C.Art. 2315 and 2317.**

**52. As a direct and proximate cause of the aforementioned acts of defendants, decedent and complainant were injured as set forth above, and are entitled to compensatory and general damages under La.C.C. Art.2315 and 2317, et seq according to proof.**

**FAULT BY SHERIFF TUBBS and the Morehouse Parish Sheriff's Office:**

**A. SHERIFF MIKE TUBBS, the MPSO and supervisors were the employer of Defendants KINNAIRD/AKA/KINNARD and XYZ DEPUTIES who was acting within the course and scope of their employment and within the ambit of their assigned duties as deputies allegedly observed Plaintiff's lights off while driving, entered Plaintiff's**

**yard, apprehended Plaintiff, beat Plaintiff in the head, slammed his head against the Morehouse Parish patrol car, Tasered Plaintiff in the face, chest, neck and back. Plaintiff posed no threat, had no weapon, no struggle with the deputies without just cause is liable for their state law torts pursuant to the doctrine of *respondeat superior* which doctrine is specifically plead herein.**

**B. Pursuant to La. Civil Code 2315 and 2317, complainant asserts state tort action against defendant Deputies KINNAIRD/KINNARD . The action of KINNAIRD beating and tasering an unarmed man whose posed no threat, had no weapon, no struggle with the deputies did not justify the use of excessive force.**

**C. The actions of Deputy KINNAIRD and XYZ deputies, constituted fault under La. Civil Code 2315 and 2317 which entitles complainant to assert this tort action.**

**D. The actions of XYZ Deputies were complicit in covering up facts by remaining silent after being a part of KINNAIRD actions constituted an intentional misrepresentation of facts giving rise to fault under LA. Civil Code 2315 and 2317 which entitles complainant to assert this tort action.**

**E. As a result of Defendants Sheriff MIKE TUBBS; Deputies KINNARD and XYZ fault, complainant is entitled to recover damages for the losses complainant sustained as a result of Sheriff TUBBB'S**

**vicarious liability; Deputy KINNAIRD and XYZ's conduct, including but not limited to, past and future lost wages and/or earning capacity, past and future physical pain and suffering, past and future mental pain and suffering, loss of enjoyment of life, mental anguish and emotional damages, loss of consortium, and all other damages that may be established at trial.**

**F. SHERIFF MIKE TUBBS and the MPSO and supervisors were the employer of Deputies KINNAIRD/KINNARD and XYZ had a duty to properly train and supervise Defendants KINNAIRD and XYZ.**

**G. Upon information and belief, SHERIFF MIKE TUBBS and the MPSO and supervisors failed to properly and/or inadequately train Deputies KINNAIRD and XYZ on, among other things, use of force. In particular, SHERIFF MIKE TUBBS and the MPSO and supervisors failed to train officers on the constitutional limitations regarding the use of excessive force using a Taser. By failing to train officers, the harm suffered by Plaintiff ROBBSON was predictable.**

**H. Further, SHERIFF MIKE TUBBS/ the MPSO and supervisors Inadequately trained, controlled, assigned and disciplined deputies especially including KINNAIRD/KINNARD, who SHERIFF MIKE TUBBS/the MPSO and supervisors knew, and in the exercise of reasonable care, should have known, had the dangerous propensities**

**and character traits for abusing their authority and for using excessive force.**

**I. Negligently hiring and rehiring individuals who SHERIFF MIKE TUBBS/MPSO and supervisors, knew or should have known, had the dangerous propensities and character traits for abusing their authority and for using excessive force.**

**53. By virtue of the foregoing, defendants owed complainant a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the Complainant proximately caused his injuries.**

**54. SHERIFF MIKE TUBBS/MPSO and supervisors were negligent in hiring and rehiring individuals with dangerous propensities and character traits like Deputy KINNAIRD/KINNARD that caused complainant injuries.**

**55. As a direct and proximate cause of the aforementioned acts of defendants, complainant was injured , as set forth above, and are entitled to compensatory and general damages according to proof.**

**I.**

**<u>Third Claim for Relief</u>**

**(Assault and Battery)**

**56. Defendant KINNAIRD/KINNARD assaulted and battered Plaintiff ROBBSON, injuring him.**

**57. As a direct and proximate cause of the aforementioned acts of defendants, complainant was injured as set forth above and are entitled to compensatory and general damages according to proof.**

**WHEREFORE, complainants pray for Judgment as follows:**

**(a)Compensatory general and special damages in accordance with proof;**

**(b) Costs of suit incurred herein;**

**On the First, Second, and Third, Causes of Actions:**

**(e) Punitive damages, reasonable attorney's fees and expenses of litigation;**

**<u>On All Causes of Actions</u>**

**(f) Exemplary damages against the individual defendants in an amount sufficient to make an example of those defendants and to deter future misconduct.**

**(g) Plaintiff prays for a trial by Jury.**

**(h) For all statutory general and equitable relief herein the premises.**

**Respectfully submitted**

/s/ Carol D. Powell-Lexing

**Carol D. Powell Lexing**
**Law Office of Carol D. Powell Lexing**
**& Associates (PLC)**
**2485 Tower Drive, Suite 6**
**Monroe, Louisiana 71201**

**Telephone: 318-324-0700**
**Facsimile: 318-324-0702**
**Email: Legaldove2@yahoo.com**
**Bar Roll No 21033**

## CERTIFICATE OF SERVICE

**I hereby certify that a copy of the foregoing Complaint was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on the 29th day of May, 2025.**

/s/ Carol D. Powell Lexing
**Carol D. Powell Lexing**